**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILL SANDERS, III,

    Plaintiff,

v.                                                        Case No. 09-cv-13308

FORD MOTOR COMPANY,

    Defendant.
                                                 /

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

Before the court is a *pro se* complaint, filed by Plaintiff Hill Sanders, III on August 21, 2009. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed *in forma pauperis*. Because the court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1),[1] the court will summarily dismiss Plaintiff's complaint for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD**

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or

---

[1] In his application to proceed *in forma pauperis*, Plaintiff states that he is unemployed, that he does not have a regular source of income, that he has $44.00 in his checking account and $107.00 in his savings account, and that he has no other assets. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Even if a plaintiff is not proceeding *in forma pauperis*, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

## II.  DISCUSSION

In his complaint, Plaintiff appears to allege[2] that Defendant "The Ford Motor Company has a proven if allowed [sic] right to poor black man discriminated against by some conglomerates due to the conglomerates big name, and my not having been allowed the right to be right, because of bias."  Defendant further states in his complaint that "The Ford Motor Co Ste[a]ls Trade Names they use such as Windstar is [sic] from

---

[2] While the court can decipher some portions of Plaintiff's complaint, much of it is illegible and incomprehensible.

my 1976 Miami Fla formed camp Starwinners. . . . I created the. . . logo through image [sic] which Co Del Monte Co is [sic] represents my copyright protected new coming t.v. soap Starwinners."  Plaintiff requests that the court award him damages in the amount of $20 million on the basis of these allegations.

The court finds that Plaintiff has failed to state a claim upon which relief can be granted, and that, furthermore, his factual allegations are "fantastic" such that the court must dismiss Plaintiff's complaint pursuant to § 1915.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brown*, 207 F.3d at 866.  Plaintiff has not alleged that he suffered a legal wrong, nor has he supported his conclusory accusations with factual allegations.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an un-adorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 570.  Because Plaintiff does not have even an arguable claim to relief, the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record

on this date, August 27, 2009, by electronic and/or ordinary mail.

                 S/Lisa Wagner
                Case Manager and Deputy Clerk
                (313) 234-5522